## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARIM ARZADI, JOWORISAK & ASSOCIATES, LLC, f/k/a ARZADI, JOWORISAK & ASSOCIATES and LAW OFFICES OF KARIM ARZADI,<br><br>        Plaintiffs,<br>v.<br><br>EVANSTON INSURANCE COMPANY, and ABC INSURANCE COMPANY, 1-10,<br><br>        Defendants. | Civil Action No. 2:17-CV-5470-SDW-CLW<br><br><br>**OPINION**<br><br><br>February 7, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Evanston Insurance Company's Motion for Partial Summary Judgment and Plaintiffs Karim Arzadi, Joworisak & Associates, LLC, f/k/a Arzadi, Joworisak & Associates, and the Law Offices of Karim Arzadi's Cross-Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, this Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendant's Motion.

### I.        BACKGROUND AND PROCEDURAL HISTORY

The material facts of this case are not in dispute. Plaintiff, Karim Arzadi ("Arzadi"), is an attorney licensed to practice in the State of New Jersey who maintains an office in Perth Amboy,

New Jersey.[1]  To cover potential liability arising from his practice, Arzadi secured a Professional Insurance Liability Policy Number LA808257 (the "Policy")[2] from Defendant Evanston Insurance Company ("Defendant" or "Evanston").[3]  The Policy is a duty to defend policy on a claims made basis for the period of May 23, 2016 to May 23, 2017.[4]

On or about January 3, 2017, Plaintiffs Arzadi and Joworisak & Associates, LLC were named as party-defendants in *Allstate of New Jersey, et al., v. Bandy, et al.*, Docket No.: OCN-L-19-17 ("Allstate suit").  Plaintiffs are alleged to have "engaged in a continuing fraudulent scheme that is designed to defraud the Allstate Plaintiffs . . . by inducing the payment of PIP [personal injury protection] healthcare benefits . . . pursuant to an unlawful practice . . . ."  (Allstate suit ¶ 677.)  On or about March 9, 2017, Arzadi submitted a claim to Evanston seeking a defense and indemnification in the Allstate suit, pursuant to the Policy's reporting requirement.  (Affidavit of Philip Nettl dated Oct. 20, 2017 ("Nettl Aff."), ECF No. 14-5, ¶ 13, Ex. J.)

On June 20, 2017, Plaintiffs instituted this action in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No.: MID-L-003703-17, seeking a declaratory judgment that Evanston has a duty to defend or indemnify Plaintiffs in the Allstate suit.  (Nettl Aff. ¶ 3, Ex A.) On June 30, 2017, for the first time, Evanston's counsel issued a letter to Plaintiffs disclaiming coverage in the Allstate suit because Plaintiffs are alleged to have engaged in fraudulent conduct which "does not fall under the Policy's definition of Professional Legal Services," and because

---

[1] Arzadi was the principal of Plaintiff Law Offices of Karim Arzadi.  Plaintiff Joworisak & Associates, LLC, was a professional limited liability company, formerly known as Arzadi, Joworisak & Associates.
[2] ECF No. 15-4 ¶ 9, Ex 8.
[3] Defendant Markel Corporation was initially a party to this action, but was dismissed from this suit by Stipulation and Order on September 25, 2017.  (ECF No. 13.)
[4] The Policy provides liability coverage on a claims made basis in the amount of $3,000,000.00 for each claim and $3,000,000.00 in the aggregate, subject to a $25,000.00 deductible for each claim. (Complaint ¶ 4, ECF No. 1-1.)

"the Claim is not made against them in their insured capacity." (Nettl Aff. ¶ 5, Ex. C at 9.)  On July 26, 2017, Defendant removed the case to this Court.  (ECF No. 1.)  On October 20, 2017, the parties filed Cross-Motions for Partial Summary Judgment on the duty to defend issue.  (ECF. Nos. 14-15).[5]

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 322-23.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

---

[5] The parties filed oppositions on November 10, 2017, and replies on December 1, 2017.  (ECF Nos. 16-17, 20-21.)  Due to a submission error, Defendant refiled its Reply Brief on December 4, 2017.  (ECF No. 22.)

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

This governing standard does not change when the parties file cross-motions for summary judgment. *Hartford Cas. Ins. Co. v. Peerless Ins. Co.*, No. 10-6235, 2016 U.S. Dist. LEXIS 136491, at *14 (D.N.J. Sept. 30, 2016). Indeed, "[t]he court must consider the motions independently, and view the evidence on each motion in the light most favorable to the party opposing the motion." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468-69 (D.N.J. 2002) (citations omitted).[6]

## III.    DISCUSSION

An insurance policy is a form of contract, and its interpretation is a question of law for the court. *Papalia*, 2017 U.S. Dist. LEXIS 121520, at *17; *Sierfeld v. Sierfeld*, 997 A.2d 1028 (N.J. App. Div. 2010) (noting that interpretation of insurance contract is question of law). The insured has the burden "to demonstrate that the claim at issue is within the scope of the policy." *Papalia*, 2017 U.S. Dist. LEXIS 121520, at *17 (citing *Polarome Int'l, Inc. v. Greenwich Ins. Co.*, 961 A.2d 29, 49 (N.J. App. Div. 2008)). In the first instance, the court interprets the language of an insurance policy according to its plain and ordinary meaning. *Id*. (citing *Memorial Props., LLC v. Zurich Am. Ins. Co.*, 46 A.3d 525, 525 (N.J. 2012). Any ambiguity in a term of the policy is resolved in favor of the insured. *Memorial Props., LLC*, 46 A.3d at 525; *see also Butler v. Bonner & Barnewall, Inc.*, 267 A.2d 527, 532 (N.J. 1970) ("As to insurance contracts specifically, the general rule of construction [is] that if the controlling language of a policy will support two meanings, one

---

[6] Because this action is based on diversity jurisdiction, this Court will apply the substantive laws of the forum state, New Jersey. *Papalia v. Arch Ins. Co.*, No. 15-2856, 2017 U.S. Dist. LEXIS 121520, at *16 (D.N.J. Aug. 1, 2017). The Parties do not dispute that New Jersey law should apply. (ECF Nos. 14-3 at 1-2; 15-2 at 10 n.3.)

favorable to the insurer and the other to the insured, the interpretation favoring coverage should

be applied.") (internal quotations omitted).

### A. Duty to Defend

Where the insurance policy states a duty to defend, the "insurer is contractually obliged to

provide the insured with a defense against all actions covered by the insurance policy." *Abouzaid*

*v. Mansard Gardens Assocs., LLC*, 23 A.3d 338, 346 (N.J. 2011). Thus, when a complaint is filed

against the insured alleging a potentially covered claim, the insurer's duty to defend is triggered.

*Papalia*, 2017 U.S. Dist. LEXIS 121520, at *18. As the Third Circuit has noted,

> The duty to defend remains with the insurer until the insurer can
> confine the claim to a recovery that is not within the scope of the
> policy. Moreover, if an insurer seeks to avoid its duty to defend
> under the policy on the basis of an exclusion to that policy, the
> insurer bears the burden to prove the applicability of that exclusion.

*Clarendon Nat'l Ins. Co. v. Padgett*, No. 06-642, 2007 U.S. Dist. LEXIS 9878, at *6 (E.D. Pa.

Feb. 5, 2007) (quoting *Pacific Indem. Co. v. Linn*, 766 F.2d 754, 760 (3d Cir. 1985)).

As an initial matter, the parties do not dispute that the Policy is valid and the allegations

arising from the Allstate suit were received during the Policy Period.[7] Additionally, this Court is

satisfied that Plaintiffs complied with the reporting requirement under the Policy by submitting a

claim to Evanston on or about March 9, 2017. (Nettl Aff. ¶ 13, Ex. J.)

### 1. Scope of Claim

In determining whether the Defendant has a duty to defend, this Court first considers

whether the fraudulent conduct alleged in the Allstate suit against Plaintiffs falls within the scope

of a covered Claim under the Policy. Under the Policy, Defendant must defend Plaintiffs against

---

[7] The Policy retroactively covers full prior acts. (Policy at 1 of 2.) Thus, claims relating to events
that occurred before the Policy was entered are also covered, including the allegations contained
in the Allstate suit.

claims alleging a "Wrongful Act arising out of Professional Legal Services." (Policy at 1 of 2.)

The Policy defines a "Wrongful Act" as "any act . . . by the Insured in rendering . . . Professional

Legal Services for others." (Policy at 3 of 11.) The Policy defines Professional Legal Services

as "services rendered by an Insured (1) as a lawyer . . . provided that such services are connected

with and incidental to the Insured's profession as a lawyer and are performed by or on behalf of

the Named Insured or any Predecessor Firm . . . ." *Id.*

Plaintiffs are named as defendants in eight of the sixteen counts in the Allstate suit. The

Allstate suit alleges, *inter alia*, that Plaintiffs violated Section 4(e) of the New Jersey Insurance

Fraud Prevention Action, N.J. Stat. Ann. § 17:33A-1, *et seq.* ("IFPA"), by participating in a

"Kickback Scheme" while representing clients in personal injury matters. (Allstate suit ¶ 49.)[8]

Defendant argues that these allegations "serve merely as contextual background for the actual

claims at issue," i.e. an insurance fraud conspiracy, which does not qualify as a professional legal

service. (ECF No. 15-2 at 6.) Defendant also contends that Plaintiffs should be barred from

coverage because the underlying claims in the Allstate suit do not allege that Plaintiffs were

*negligent* in providing legal services. *Id.* These arguments fail for two reasons.

First, the Allstate suit contains allegations that Arzadi advised clients how to proceed with

their personal injury claims, which falls squarely within the Policy's definition of Professional

Legal Services. *See Navigators Specialty Ins. Co. v. Scarinci & Hollenbeck, LLC*, No. 09-4317,

2010 U.S. Dist. LEXIS 47124, at *27-28 (D.N.J. May 12, 2010) ("In determining whether

particular acts constitute professional services, the Third Circuit has held that the important

question is simply whether a substantial nexus exists between the context in which the acts

---

[8] The alleged kickback scheme was in the form of referral exchanges which involved Plaintiffs referring personal injury clients to certain chiropractic clinics for treatment in exchange for a reciprocal referral for representation in bringing a personal injury claim. (Allstate suit ¶ 142.)

complained of occurred and the professional services sought.") (internal quotations omitted).  The

acts complained of—advising his clients that "they had valid bodily injury claims," "encouraging

them to continue to undergo [unnecessary] treatment," or making referrals for treatment—are acts

that allegedly occurred in the context of Arzadi's representation of his clients.  (*See, e.g.*, Allstate

suit ¶¶ 693-694, 739-740, 809-810.)    There is clearly a substantial nexus between the

representation and the professional services his clients sought. *Navigators Specialty Ins. Co.*, 2010

U.S. Dist. LEXIS 47124, at *28.  Indeed, if Arzadi had not been acting as an attorney, he would

not have been able to commit the alleged fraudulent acts.

Second, in interpreting the Policy according to its plain and ordinary meaning, it does not

limit coverage to negligent acts only.  Indeed, the language is clear, the Policy provides that it will

cover *any* act as long as it is connected to the Insured's profession as a lawyer.  Providing legal

advice, as Arzadi is alleged to have done, is certainly connected to his practice as a lawyer. *Shapiro

v. Rinaldi*, No. A-1753-14T4, 2016 N.J. Super. Unpub. LEXIS 596, at *11 (N.J. App. Div. Mar.

18, 2016) (citing N.J. Comm. on Unauth. Pract. Op. 41 (Oct. 25, 2004) ("[T]he practice of law

includes . . . the giving of legal advice with regard to any document or matter.")).  Therefore, this

Court finds that the allegations contained in the Allstate suit generally fall within the scope of a

covered Claim under the Policy.

### 2.  "Prior Knowledge" Condition

Notwithstanding the above, this Court must also determine whether Plaintiffs complied

with the conditions set forth in the Policy, and whether there are any exclusions that bar coverage.

Here, the Policy contains a "prior knowledge" condition that precludes coverage if prior to the

effective date of the Policy, May 23, 2016, Plaintiffs had knowledge of the Wrongful Act "which

would lead a reasonable person in [Plaintiffs'] position to conclude that a Claim was likely."

(Policy at 1 of 11.)  Defendant argues that Plaintiffs had prior knowledge of the conduct alleged

in the Allstate suit based on two prior lawsuits; however, these arguments are not persuasive.  (ECF

No. 15-2 at 17-18.)  With respect to the first suit, *Allstate New Jersey Ins. Co. v. Lajara*, Plaintiffs

were not a party to that litigation.  117 A.3d 1221 (N.J. 2015); (ECF No. 14-3 at 16-17.)  Thus,

prior knowledge cannot be imputed to Plaintiffs.  With respect to the second lawsuit, *Alvarez v.

Arzadi*, *et al.*, that litigation was filed as a wrongful termination suit under the Conscientious

Employee Protection Act ("CEPA").  (ECF No. 14-3 at 18-19.)  Because the underlying allegations

in the *Alvarez* suit are connected to employment related claims, Plaintiffs conceivably may not

have had prior knowledge that those allegations were likely to form a basis for the insurance fraud

allegations contained in the Allstate suit.  As such, this Court finds that Plaintiffs are not precluded

from coverage under the "prior knowledge" condition.

### 3. Policy Exclusions

Next, this Court considers whether Policy Exclusions A or F bar coverage.  The Policy

defines these exclusions as follows:

> A.  any Claim based upon or arising out of a contract or agreement
> for, or any other right relating to, payment of or division of any fees
> or fee apportionment between the Insured and any lawyer . . .

> F.  any Claim based upon, arising out of, or in any way involving
> any deliberately criminal, dishonest or fraudulent act, error or
> omission if a judgment or other final adjudication adverse to the
> Insured establishes that the Insured committed a criminal, dishonest
> or fraudulent act, error or omission pertaining to any Insured under
> this policy shall not be imputed to any other Insured under this
> policy for the purpose of determining the applicability of this
> exclusion.

(Policy at 3 of 11.)

Defendant argues that under Exclusion A, Plaintiffs are barred from coverage because the

Allstate suit includes allegations related to a division of fees or fee apportionment arrangement.

8

(ECF No. 15-2 at 19.)  However, Defendant has not presented any evidence to this Court to support its assertion.  The Allstate suit contains allegations only.  Without more, Defendant has not met its burden of "prov[ing] the applicability of th[is] exclusion." *Padgett*, 2007 U.S. Dist. LEXIS 9878, at *6 (quoting *Linn*, 766 F.2d at 760).  Therefore, this Court finds that Exclusion A does not bar Plaintiffs from coverage.

Defendant argues that under Exclusion F (the Fraudulent Acts Exclusion), Plaintiffs are barred from coverage because the Allstate suit alleges that Plaintiffs "committed intentional, willful, dishonest and fraudulent acts."  (ECF No. 15-2 at 20.)  While it is true that the Allstate suit contains fraud allegations, Exclusion F *only* bars coverage for fraudulent acts *if* a final judgment or adjudication is entered against Plaintiffs.  The Allstate suit is in the preliminary stages of litigation and the underlying allegations have not been substantiated by any court.  Therefore, this Court finds that Exclusion F does not bar Plaintiffs from coverage.

### B.  Indemnity

"Unlike the duty to defend, which arises whenever the claims asserted by the injured party potentially come within the coverage of the policy, the duty to indemnify is triggered only when the insured is determined to be liable for damages within the policy's coverage."  *Padgett*, 2007 U.S. Dist. LEXIS 9878, at *16 (quoting *Home Ins. Co. v. Law Offices of Jonathan DeYoung, P.C.*, 107 F. Supp. 2d 647, 650 (E.D. Pa. 2000)).  Because the Allstate suit is pending, this Court finds that it is premature to make a determination on the issue of whether indemnification applies.

### IV.    CONCLUSION

For the reasons set forth above, this Court **GRANTS** Plaintiffs' Motion for Summary Judgement as to Defendant's duty to defend and **DENIES** Defendant's Motion Summary Judgment.  An Order consistent with this Opinion follows.

s/ <em>Susan D. Wigenton</em>_____

**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:   Hon. Cathy L. Waldor, U.S.M.J.
    Parties