<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARIM ARZADI, JOWORISAK & ASSOCIATES, LLC, f/k/a ARZADI, JOWORISAK & ASSOCIATES and LAW OFFICES OF KARIM ARZADI,<br><br>                    Plaintiffs,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, and ABC INSURANCE COMPANY, 1-10,<br><br>                    Defendants. | Case No. 17-5470-SDW-CLW<br><br>**ORDER**<br><br>April 10, 2018 |

**WIGENTON,** District Judge.

Before this Court is Defendant Evanston Insurance Company's ("Defendant") Motion for Reconsideration (ECF No. 30) of this Court's February 7, 2018 Order denying Defendant's Motion for Partial Summary Judgment and granting Plaintiffs' Motion for Partial Summary Judgment as to Defendant's duty to defend (ECF No. 24); alternatively, Defendant requests that this Court grant certification for an immediate interlocutory appeal of the February 7, 2018 Order. The instant motion is brought pursuant to Federal Rules of Civil Procedure ("Rule") 59(e) and 60(b). This Court, having read and considered the parties' submissions and good cause having been shown,

**IT IS** on this 10th day of April, 2018,

**ORDERED** that Defendant's request for certification for interlocutory appeal is **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED**. Defendant's reliance on Rule 60(b) to challenge the February 7, 2018 Opinion and Order is not appropriate. Defendant has not presented any newly-discovered evidence. Fed. R. Civ. P. 60(b)(2); *see also Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 WL 4711472, at *4 (D.N.J. Oct. 19, 2017) (explaining that Rule 60(b)(2) requires new and material evidence that could not have been discovered before trial, and that would probably have changed the outcome of the case). Additionally, there was no oversight by this Court of the legal issues relevant to the adjudication of this matter. It is well-established that "a Rule 60(b) motion may not be used as a substitute for appeal[.]" *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010). Moreover, a determination of the allocation of defense costs is premature as it is unclear what counts would not be covered. Therefore, there is no meritorious basis to vacate or reconsider this Court's Opinion and Order dated February 7, 2018.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Hon. Cathy L. Waldor, U.S.M.J.
           Parties