# BENEDICT AND ALTMAN
*Attorneys at Law*
*www.benedictandaltman.com*

Joseph J. Benedict *
jbenedict@benedictandaltman.com

Steven D. Altman*
saltman@benedictandaltman.com
_____

*Certified Criminal Trial Attorneys

ASSOCIATES:
Joshua D. Altman
jaltman@benedictandaltman.com

Philip Nettl
pnettl@benedictandaltman.com

June 1, 2018

(VIA EMAIL)
Christina Salem, Esq.
Kennedys CMK
570 Lexington Avenue
8th Floor
New York, NY 10022

    Re:    Arzadi et al. v. Evanston et al.
                Civil No. 2:17-cv-05470 (SDW-CLW)

Dear Ms. Salem:

      In our last telephone conference with Judge Waldor, she asked me to speak to my client again, to see if he will agree to an examination under oath ("EUO") in any form, in order to avoid litigation of our pending motion, given the likelihood that the matter will be administratively terminated.

      At this point, while I feel that our motion is based on a meritorious argument, my client is willing to agree to an EUO, on certain conditions. Specifically, it would not occur until after he is deposed by Allstate, and when it does occur, a protective order would be in place. There are a number of reasons why this is in both of our interests.

      First, as I expressed in the conference call, our primary concern is disadvantaging ourselves in the Allstate litigation by creating potentially discoverable information that Allstate can use to strategize their case. This has nothing to do with whether he has anything to hide; he does not. Rather, being able to use the EUO as a roadmap would be a substantial litigation advantage to them.

      Second, you have indicated a concern about your client needlessly expending resources toward litigating the pending motion. Awaiting a deposition transcript before taking the EUO would avoid having to reinvent the wheel: your client would have the opportunity to review a lengthy deposition before preparing for the EUO, and could possibly even determine that no EUO is necessary at that point if all of the needed information has already been elicited. There would be a substantial savings to your client.

      Third, to the extent that the EUO is a discovery tool for the indemnification portion of the coverage suit, your client would not have to await reinstatement of the suit before it occurs,

Christina Salem, Esq.<br>
June 1, 2018<br>
Page **2** of **2**

which they would have to do if we were successful in our motion.  Rather, they would merely have to await the Allstate deposition, not an Allstate resolution.  Therefore, they would have the discovery well in advance of the coverage matter being restarted.

In the meantime, if there is any specific information from Mr. Arzadi that your client needs because it impacts any decision-making in preparing a defense, we would fully cooperate by providing such information through counsel.

Please discuss this proposal with your client, so that we can discuss further with the judge next week.

                              Yours very truly,
                              BENEDICT AND ALTMAN

BY:  */s/ Philip Nettl*
       Philip Nettl

cc:  Michael Tricarico, Esq.
     Karim Arzadi, Esq.