# BENEDICT AND ALTMAN
*Attorneys at Law*
www.benedictandaltman.com

Joseph J. Benedict *
jbenedict@benedictandaltman.com

Steven D. Altman*
saltman@benedictandaltman.com
———

*Certified Criminal Trial Attorneys

ASSOCIATES:
Joshua D. Altman
jaltman@benedictandaltman.com

Philip Nettl
pnettl@benedictandaltman.com

July 30, 2018

(VIA EMAIL)
Christina Salem, Esq.
Kennedys CMK
570 Lexington Avenue
8th Floor
New York, NY 10022

  Re: <u>Arzadi et al. v. Evanston et al.</u>
     Civil No. 2:17-cv-05470 (SDW-CLW)

Dear Ms. Salem:

  I am in receipt of your letter dated July 9, 2018. Two factual matters must be cleared up before I proceed any further.

  First, with regard to the EUO, you have asserted, in your letter and on prior occasions, that my client promised to sit for an EUO, and then backed out of that promise by filing a motion. I, on behalf of my client, had indicated that he would abide by the policy requirements, but that he wanted the Defense Counsel issue to be resolved first, so that he could be fully advised on the ramifications for the *Allstate* suit <u>before</u> committing to the EUO. Both you and the court indicated that you did not think that step was necessary, and preferred that I have those conversations with my client about his obligations without delay. Then, after fully fleshing out the issues, my client and I concluded in good faith that his EUO was <u>not</u> required under the policy under the circumstances. We filed the Motion in order to get guidance from the court on that issue. There was nothing improper about that process.

  Mr. Arzadi <u>was</u> willing to sit for an EUO as part of the initial coverage determination. Evanston, however, chose not to request one. Further, Evanston consented to a court determination of the duty to defend issue as a matter of law without first requesting any discovery. It was only after Evanston breached its policy obligations and then lost a summary judgment motion that the carrier demanded an EUO/deposition. Mr. Arzadi, in a spirit of cooperation above and beyond his legal and/or contractual duty, attempted to accommodate your client and schedule an EUO. Ultimately, the parties were unable to agree to the timing, terms and conditions of such testimony such that it would not prejudice the defense of the underlying *Allstate* suit or create a conflict with that matter. At the time we discussed scheduling an EUO,

Mr. Arzadi did not and at this time, he does not have any duty to sit for one.  Any suggestion that Mr. Arzadi was ever ordered by the court to sit for an EUO is mistaken.  The issue was never decided by the court.  The court asked us to agree on a date, and then when I filed our Motion, she said that I raised interesting issues that she would need to think about.  I'm sure that if we had defied any order, we would have heard from the court about it.

Second, you indicate that we never provided you with a request that the current defense counsel arrangement remain in effect.  That is not accurate.  In my letter forwarding you all of the defense materials that you had requested, I made clear that we were seeking to have Gerard Vince and his associate Carmen Finegan act as primary defense counsel, with Benedict and Altman staying on as personal counsel to Mr. Arzadi.   It was clear from the budget we sent you that all future expenses were for Mr. Vince and Ms. Finegan only.

To respond to the substantive inquiry of your letter, given the similarity of language in the initial disclaimer letter and the more recent ROR, to the extent you are asking your Insured to agree to anything contained in your disclaimer of June 30, 2017, we respectfully decline.  As with its tardy decision to request an EUO, your client cannot now offer to defend under a "reservation of rights.  It is our position, on behalf of the Evanston Insured, that having chosen to forego its opportunity to defend the *Allstate* suit under a ROR, Evanston may not do so now that it has lost a motion for summary judgment.  In light of Evanston's breach of the insuring agreement and subsequent summary judgment against it, we deem your "Reservation of Rights" waived, untimely, and inconsistent with Judge Wigenton's summary judgment Order.  As such, we neither accept nor reject the ROR, nor does the Insured have any obligation to do so.

When your client received the claim from Mr. Arzadi, it had three options.  First, it could defend him.  Second, it could defend him under a reservation of rights.  Evanston declined both those options and chose a third option: disclaiming coverage altogether.  This forced its Insured, my client, to commence a declaratory judgment ("DJ") action at considerable expense, while simultaneously defending the *Allstate* action at his own expense.  Now, more than five months after the District Court ordered that your client has a duty to defend, my client continues to incur damages.  Pursuant to Judge Wigenton's February Order, Evanston is duty bound to provide a defense, so there is no reason for my client to agree to any reservations or limitations on it.

We expect that going forward, Evanston will simply abide by its duty to defend, and all of the attendant obligations attached to that.  Certainly, your client is in a conflicted position with regard to my client, because if there were ever an adverse judgment in the *Allstate* suit, you will surely be arguing that it would trigger a policy exclusion.  Nevertheless, if *Allstate* settlement discussions ever take shape, I expect that your client will act in good faith in the best interests of their Insured.

Christina Salem, Esq.<br>
July 30, 2018<br>
Page **3** of **3**

   Moreover, you have previously advocated converting the Duty to Defend into a Duty to Reimburse. Please reimburse. You advise that Evanston "is currently reviewing the billing records from the Law Office of Gerard Vince and Benedict & Altman and will advise of its position on those submissions shortly." Those fees were all incurred because your client unreasonably withheld coverage. Your client was on notice of the defense early on, and did not provide any billing guidelines until I requested them last week, 16 months later. Therefore, your client's position on what is "reasonable" is of no moment. Those fees were all earned in a vigorous defense of Mr. Arzadi that your client disclaimed participation in. Please see to it that the aforementioned bills for counsel fees are paid within fifteen days.

            Yours very truly,
            BENEDICT AND ALTMAN

        BY: */s/ Philip Nettl*
            Philip Nettl

cc: Michael Tricarico, Esq.
   Karim Arzadi, Esq.