Your Ref  Unknown
Our Ref   File No.: LA400691/01770-00010

**By Electronic and Certified Mail,
Return Receipt Requested**
Philip Nettl, Esq.
Benedict and Altman
247 Livingston Avenue
New Brunswick, New Jersey 08901

# Kennedys CMK

570 Lexington Avenue
8th Floor
New York
New York 10022
USA

T +1 212.252.0004
F +1 212.252.0444

www.kennedyslaw.com

646.625.3968

christina.salem@kennedyscmk.com

September 7, 2018

*Re: Arzadi, et al. v. Evanston Insurance Co.*
Civil Action No. 2:17-cv-05470
United States District Court, District of New Jersey
Policy No.: LA808257
Insured: Law Offices of Karim Arzadi

Dear Mr. Nettl:

Evanston Insurance Company ("Evanston") herein responds to your July 30, 2018 letter, which in turn responded to Evanston's July 9, 2018 letter in connection with the lawsuit styled *Allstate of New Jersey, et al., v. Bandy, et al.*, Docket No.: OCN-L-19-17 (the "Allstate Suit"). This letter supplements, and incorporates by reference, all prior communications by Evanston in connection with this matter.

A.  **Mr. Arzadi's EUO Obligation**

Your letter mischaracterizes both the parties' prior agreement regarding Mr. Arzadi's Examination under Oath ("EUO"), as well as the Court's directives surrounding it.

As early as April 2018, the parties agreed that Mr. Arzadi's EUO should be completed prior to a court conference that was scheduled to take place on May 16, 2018. In an April 12, 2018 confirming email, wherein Evanston also outlined the defense handling information that Plaintiffs were to provide, Evanston requested proposed dates for Mr. Arzadi's EUO. This request was repeated in an April 26, 2018 follow up email when Evanston again reiterated that, per the agreement of the parties, the EUO should be completed prior to the May 16, 2018 court conference in order to assist Evanston in determining whether additional discovery may be

Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP.

*Kennedys offices, associations and cooperations:*  Australia, Argentina, Belgium, Brazil, Chile, China, Colombia, Denmark, England and Wales, France, Hong Kong, India, Ireland, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Peru, Poland, Portugal, Russian Federation, Scotland, Singapore, Spain, Sweden, United Arab Emirates, United States of America.

Philip Nettl, Esq.                                                              Kennedys CMK

necessary, including Mr. Arzadi's formal deposition in this matter.  You raised no objection to the agreed upon EUO, and instead simply responded that "May 11 is no good for me, because [I] have a motion that day in criminal court."

To accommodate your schedule, Evanston proposed alternative dates for the EUO – May 9, 10 or 15, 2018.  At no time leading up to these communications did you object to the EUO or attempt to dispute the parties' prior agreement to take it.  Instead, to side-step Mr. Arzadi's obligation to cooperate under the policy, on May 2, 2018, you advised that your priority at that time was to get "squared away" the long-overdue defense handling information Plaintiffs were obligated to provide Evanston.  On that same day, Evanston reiterated the Policy's cooperation provision and Mr. Arzadi's obligation to, upon Evanston's request, sit for the EUO.

On May 3, 2018, Plaintiffs continued to stubbornly delay the EUO, in violation of Mr. Arzadi's obligation to cooperate.  Left with no valid excuse for reneging on the prior EUO agreement, Plaintiffs instead crafted an illusory argument.  You advised that the issue of Mr. Arzadi's representation should be settled first prior to the taking of the EUO, "so that his Allstate counsel (should it not be [the Benedict and Altman firm]) can properly consider any potential implications of the examination and advise him accordingly."  A dubious position given that the two separate law firms that were already defending Mr. Arzadi would have more than adequately prepared him for the EUU.  Additionally, as you know, Evanston could not finalize Mr. Arzadi's defense handling position at that time because Plaintiffs were delayed in providing any information at all concerning that defense.

During the May 16, 2018 conference, the Court addressed the Plaintiffs' delinquencies, and directed that: (1) Mr. Arzadi's EUO be conducted by June 6, 2018; and (2) Plaintiffs provide Evanston with the long-overdue defense counsel information by May 18, 2018.  Yet, as of May 22, 2018, Plaintiffs had still not complied with any of the Court's directives, formally reneged on its prior EUO agreement, and filed a Motion for a Protective Order to prevent the EUO from proceeding.  During the pendency of that motion, at the Court's request that the EUO proceed, Plaintiffs agreed that Mr. Arzadi would submit to the EUO, but on certain conditions – after his deposition in the Allstate Suit was completed and under a protective order in this matter.

As the history of this case illustrates, the Court's directives and your agreement to proceed with the EUO plainly contradicts your assertion that there was no prior agreement to proceed with that examination.  Your insistence that Mr. Arzadi was only willing to sit for the EUO as part of the initial coverage determination is of no relevance.  The policy is clear – Mr. Arzadi is obligated to cooperate with Evanston and sit for the EUO for the purposes of "determining coverage and investigating **and/or** defending any claim."  Mr. Arzadi's EUO obligation is not confined to just the initial investigation phase, but also plainly extends to the defense portion of any suit.

Mr. Arzadi's continued refusal to sit for the EUO is not only a clear breach and violation of the policy's cooperation provision, but also New Jersey law recognizing an insurer's right to

conduct an EUO to determine, not just whether a defense is triggered, but <u>also</u> if its ultimate indemnity obligation will be called upon. <u>DiFrancisco v. Chubb Ins. Co.</u>, 283 N.J. Super. 601, 611, 662 A.2d 1027, 1032 (App. Div. 1995)("[t]he underlying purpose of an examination under oath clause…is to allow the insurer to pursue its rights under the policy in order to determine whether the claim is legitimate and should be paid."); <u>In re Envtl. Ins. Declaratory Judgment Actions</u>, 259 N.J. Super. 308, 612 A.2d 1338, 1342-43 (Super. Ct. App. Div. 1992) ("[c]ooperation clauses impose a duty on insureds to assist insurers in the conduct and defense of actions.").

As such, please immediately provide a firm date for Mr. Arzadi's EUO. Evanston reserves its rights accordingly, including the right to disclaim coverage for the Allstate Suit or cease defending the Plaintiffs in the Allstate Suit for failure to cooperate with Evanston under the terms of the Policy. If Mr. Arzadi continues to challenge his EUO obligation, Evanston will seek to reopen this matter to obtain a ruling requiring Arzadi's compliance with his policy obligations. In seeking to reopen this matter, Evanston will highlight to the Court the Plaintiffs' duplicitous conduct in making representations to the Court and Evanston that an EUO would be conducted, only to renege on such representations at the time of, and or after this matter was administratively terminated.

**B.     <u>Evanston's Defense of the Plaintiffs under a Reservation of Rights to Disclaim Indemnity Coverage</u>**

Plaintiffs also appear to be under the mistaken belief that because the Court granted their motion on the duty to defend, that Evanston is precluded from reserving its rights as to indemnification under the Policy. This contention is absurd.

An insurer is well within its right to provide a defense to an insured, while simultaneously reserving its right with respect to any ultimate indemnification obligation under the policy. This is true even where the insurer was found to have a defense obligation. <u>First Trenton Indem. Co. v. River Imaging, P.A.</u>, No. A-6191-06T3, 2009 N.J. Super. Unpub. LEXIS 2190, at *27 (Super. Ct. App. Div. Aug. 11, 2009)("[a]n insurer that fails to provide a defense for an action asserting both covered and uncovered claims is nevertheless entitled to a determination of whether any judgment entered against its insured was for a covered claim and thus fell within the insurer's obligation to pay…This is so even if the insurer's refusal to defend was wrongful.").

Your assertion that Evanston somehow waived the ability to reserve its rights with respect to its ultimate indemnification obligation incorrectly conflates an insurer's duty to defend with its duty to indemnify. The duties are separate and distinct and your contention is contrary to both logic and New Jersey law.

Put more simply, Evanston's July 30, 2018 letter acknowledges Evanston's defense obligation of the Plaintiffs in the Allstate Suit, while, through a reservation of rights, placing them on notice of Evanston's defenses to indemnification coverage for the Allstate Suit. Your additional insinuation that this recent letter is duplicative of Evanston's June 30, 2017

Philip Nettl, Esq.

**Kennedys CMK**

disclaimer signals that you have not compared the two.  They are distinct.  As already explained, Evanston is entitled to assume the defense of the Plaintiffs while reserving its rights under the Policy of the possibility that there may ultimately be no indemnification coverage. See, Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 529, 46 A.3d 525, 535 (2012) ("[t]he duty to defend and the duty to indemnify are distinct; an insurance company's duty to defend is neither identical nor coextensive with its duty to indemnify.").

Further, New Jersey law obligates an insurer that is providing a defense while reserving its rights to disclaim indemnity coverage to inform the insured that it has the right to accept or reject that defense offering.  Evanston offered the Plaintiffs the option to accept or reject the defense counsel offering in its July 30, 2018 letter, or elect to select their own independent counsel, subject to, as New Jersey law allows, Evanston's approval.  Your June 1, 2018 letter, which provided defense handling information such as prior legal fees incurred, did not formally notify Evanston that the Plaintiffs wished to retain Gerard Vince and Carmen Finegan as independent and/or primary defense counsel for the Allstate Suit.

The misconceptions in your July 30, 2018 letter appear to be driving the Plaintiffs' position that it is neither accepting nor rejecting Evanston's defense offering.  Now that this letter has clarified Evanston's rights and obligations under New Jersey law, Evanston is offering Plaintiffs another opportunity to formally communicate whether Evanston's defense offering, as set forth more fully in its July 9, 2018 letter, is being accepted or rejected.  Be cautioned that New Jersey law acknowledges an inference of that acceptance from an insured's failure to formally reject an insurer's defense offering.

As such, please formally state whether the Plaintiffs are rejecting Evanston's defense offering and instead electing their own independent counsel to defend them in the Allstate Suit (which will be subject to Evanston's approval).  Alternatively, if the defense offer is being accepted, please state so, and indicate which of the attorneys and respective law firms listed in Evanston's July 30, 2018 letter the Insureds are selecting to designate as defense counsel. As you know, Evanston's defense offering is set forth fully in Evanston's July 9, 2018 letter and is being made in accordance with its defense guidelines and New Jersey law.

The Plaintiffs continued delay in not only providing Evanston with the requested defense handling information, but also in communicating whether they are accepting or rejecting Evanston's defense offering (as they are obligated to do so under New Jersey law) has hindered Evanston's ability to assume the Plaintiffs' defense.  Thus, it is imperative that you communicate Plaintiffs' response to Evanston's defense offering on or before September 20, 2018.

Philip Nettl, Esq.

**Kennedys CMK**

C. <u>**Reimbursement of Past Defense Fees**</u>

As Evanston indicated in its July 9, 2018 letter, it will reimburse the Plaintiffs for their past (post-tender) reasonable and necessary defense costs and fees incurred solely to defend the Allstate Suit.

Your contention that <u>all</u> past fees must be reimbursed lacks any legal support. At the outset, Evanston is under no obligation under either the terms of its policy or New Jersey law to reimburse the Plaintiffs for defense fees or costs incurred prior to the date Plaintiffs tendered the Allstate Suit to Evanston. <u>SL Indus. V. Am. Motorists Ins. Co.</u>, 128 N.J. 188, 200-201 (1992) (insurer "should not be liable for the defense costs incurred before they were notified of the facts triggering coverage."). Evanston received notice of the Allstate Suit on or about March 9, 2017. Costs and expenses incurred prior to March 9, 2017 shall be the Plaintiffs' responsibility to bear and are not reimbursable.

Further, New Jersey law obligates an insurer to fund <u>only</u> those reasonable and necessary costs incurred in the defense of an insured. <u>Ebert v. Balter</u>, 83 N.J. Super. 545, 561, 200 A.2d 532, 542 (Cnty. Ct. 1964). Reasonable and necessary defense fees do not encompass fees that are a result of duplicative work, excessive billing, are supported by non-descript entries, or those incurred by multiple law firms. <u>See</u> <u>Rendine v. Pantzer</u>, 141 N.J. 292, 335, 661 A.2d 1202 (1995) (award of fees "should exclude hours that are not reasonably expended. Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."); <u>Mid-Monmouth Realty Assocs. v. Metallurgical Indus.</u>, No. A-0237-14T2, 2017 N.J. Super. Unpub. LEXIS 993, at *67 (Super. Ct. App. Div. Apr. 21, 2017) (inadequately detailed and excessive charges are not recoverable); <u>2000 Clements Bridge, LLC v. OfficeMax N. Am., Inc.</u>, No. 11-0057, 2013 U.S. Dist. LEXIS 102444, at *27 (D.N.J. July 23, 2013)(reducing fees because "administrative tasks should not be billed at partner rates."); <u>Tangible Value, LLC v. Town Sports Int'l Holdings, Inc.</u>, No. 10-1453-MAS-TJB, 2014 U.S. Dist. LEXIS 162065, at *33 (D.N.J. Nov. 17, 2014)(finding fees billed by multiple attorneys for the same task was unreasonable and properly reduced); <u>Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.</u>, No. 09-1724, 2011 U.S. Dist. LEXIS 65018, at *24 (D.N.J. June 7, 2011) (fees were unreasonable where two separate law firms defended the insured).

The defense fees Plaintiffs submitted contain these deficiencies and are not subject to reimbursement as presented. For example, they involve duplicative work, include non-descript entries, bill administrative tasks with attorney rates and, most significantly, include fees for two separate law firms and four different attorneys. Evanston can simply, as it is permitted to do so under New Jersey law, reimburse a reduced amount that complies with New Jersey billing standards. However, in an effort to achieve with Plaintiffs an amicable resolution of reimbursable past costs, Evanston will allow Plaintiffs to re-submit these invoices for re-consideration in a form that remedies these deficiencies. Please re-submit these bills within the next 15 business days for Evanston's consideration.

Philip Nettl, Esq.

**Kennedys CMK**

Finally, we note your additional misunderstanding concerning the conversion of Evanston's duty to defend into a duty to reimburse—a request that Evanston has not yet agreed to. If that duty is converted, any reimbursement to the Insureds for reasonable defense costs will come only after a final determination is made in the Allstate Suit, not now as you contend. Thus, if the duty to defend converts into a duty to reimburse, reimbursement of reasonable defense costs will not occur until there is a determination in the Allstate Suit that can resolve this matter's coverage issues. See, Burd v. Sussex Mutual Insurance Co., 56 N.J. 383, 267 A.2d 7 (1970). If the coverage issues are ultimately resolved in Evanston's favor, be cautioned that Evanston would have no obligation to reimburse any past fees at all.

Evanston continues to reserve all of its rights under its policy and at law, as more specifically set forth in its July 9, 2018 letter. Should you have any questions concerning this correspondence or should you wish to discuss it further, please do not hesitate to contact me.

> Very truly yours,
>
> *s/ Christina R. Salem*
>
> Christina R. Salem

cc: Michael J. Tricarico, Esq.