| | |
|---|---|
| **From:** | Christina Salem |
| **Sent:** | Wednesday, January 23, 2019 4:45 PM |
| **To:** | 'Philip Nettl' |
| **Cc:** | Michael J. Tricarico |
| **Subject:** | RE: Arzadi |

Phil,

Thank you for the update regarding settlement discussions, it is appreciated. Nevertheless, we remind you that your clients have breached their cooperation obligation under the Evanston policy in many ways.

As an initial matter, the cooperation clause of the Evanston policy has been breached by Mr. Arzadi's continued refusal to appear for an EUO. His alleged belief that it would create a strategic disadvantage for him in the underlying litigation does not erase his obligation to appear for the examination. Moreover, as you know, Evanston has requested, numerous times, including on many occasions prior to the current settlement discussions, that the EUO proceed in accordance with Mr. Arzadi's obligations under the policy. In fact, you previously agreed to have Mr. Arzadi sit for the EUO, only to later renege on that promise. Although you now blame that on a "miscommunication," the fact remains that Mr. Arzadi has not fulfilled prior representations. Evanston views Mr. Arzadi's past and present failures to abide by the policy requirements as a complete and material breach of his cooperation obligations contained therein.

Second, I must correct your statement regarding the court's prior ruling. There has been no determination that your clients' claims are covered under the Evanston Policy. Rather, in holding that Evanston's defense obligation is triggered, the court specifically cautioned that it is premature to determine whether Evanston has a duty to indemnify your clients. As I am sure you know, the duty to defend is considerably broader than the duty to indemnify, and a finding that a defense is owed is not outcome determinative of the duty to indemnify. Moreover, in spite of the court's duty to defend ruling, the insureds have not permitted Evanston to fulfill that defense obligation. In two separate letters, dated July 9, 2018 and September 7, 2018, Evanston sought to assume that defense. However, the Plaintiffs never responded, and instead have apparently refused Evanston's defense offering. In doing so, the insureds have unfairly impacted and prejudiced Evanston's defense handling rights under the policy and its ability to comply with the Court's Order. These are of course additional acts of non-cooperation by the insureds.

Lastly, plaintiffs have not provided Evanston with the discovery exchanged in the Allstate suit. You now indicate that Mr. Arzadi provided sworn testimony via interrogatories in that action. However, this was never previously provided to Evanston, and Evanston was certainly not advised as to when it was given. This demonstrates the Plaintiffs' further breach of the duty to cooperate.

Please provide me with all discovery exchanged in the Allstate suit as soon as possible, including the referenced interrogatories.

With regard to your request that Evanston participate in the current settlement discussions, Evanston maintains its position that the Plaintiffs must satisfy their cooperation obligations under the policy, including submitting to the previously promised EUO, before it can consider doing so.

Please be mindful that in the meantime, Evanston continues to reserve all rights.


Christina Salem
Partner
for Kennedys CMK

**Kennedys CMK**
T +1 646 625 3968
M +1 646 484 0394
F +1 212 832 4920
www.kennedyscmk.com

1

**From:** Philip Nettl
**Sent:** Tuesday, January 22, 2019 2:21 PM
**To:** Christina Salem
**Cc:** Michael J. Tricarico
**Subject:** RE: Arzadi

Christina,

As I indicated in my last email, we are in a position where we now need to move quickly to settle the Allstate matter. Not only would settlement avoid ongoing litigation costs on our end, but it would be avoid continued litigation costs on Allstate's end, which is one of their incentives to settle this matter for a reasonable amount. That means that we want to get this settled before Friday's motions are heard. Therefore, please advise of your client's position on settlement by tomorrow: Wednesday, January 23. If we do not hear from you, we will go ahead with trying to resolve the Allstate matter on terms that are in the best interests of Mr. Arzadi, and then seeking indemnification from Evanston for the full amount.

# Philip Nettl, Esq.

Benedict and Altman
247 Livingston Avenue
New Brunswick, New Jersey 08901
Ph. (732) 745-9000
Fax (732) 214-1897