**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARIM ARZADI, *et al.*, | Civil Action No. 17-5470 (SDW) (CLW) |
| Plaintiffs, | |
| v. | **OPINION** |
| EVANSTON INSURANCE COMPANY, | |
| Defendant. | September 23, 2020 |

**WIGENTON,** District Judge.

Before this Court is Plaintiffs Karim Arzadi ("Arzadi"), Joworisak & Associates, LLC, f/k/a Arzadi, Joworisak & Associates, and the Law Offices of Karim Arzadi's ("collectively, "Plaintiffs") Appeal of Magistrate Judge Cathy L. Waldor's ("Judge Waldor") May 19, 2020 Letter Opinion and Order granting Defendant Evanston Insurance Company's ("Evanston") Motion to Reopen this matter and to Compel Plaintiffs to comply with this Court's February 7, 2018 Order and cooperate with Evanston's handling of Plaintiffs' defense in a separate litigation. Having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, Judge Waldor's May 19, 2020 Letter Opinion and Order is **REVERSED in part** and **AFFIRMED in part.**

**I.    BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiffs filed the instant action seeking a declaratory judgment that Evanston has a duty

---

[1] This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant appeal.

1

to defend or indemnify Plaintiffs in an underlying lawsuit filed against Plaintiffs by Allstate of New Jersey ("Allstate suit") under a Professional Insurance Liability Policy (the "Policy") issued by Evanston.[2] (D.E. 23 at 2.)  Following an initial Rule 16 conference, the parties were permitted to file preliminary cross-motions for partial summary judgment on the duty to defend issue.  (*See* D.E. 8, 10.)  On February 7, 2018, this Court granted Plaintiffs' partial motion for summary judgment in part, holding that Evanston had a duty to defend Plaintiffs in the Allstate lawsuit. (D.E. 23 at 5–9.)  However, because the Allstate suit remained pending, the Court found it premature to determine whether Plaintiffs were entitled to indemnification under the Policy.  (*Id.* at 9.)  Evanston's subsequent motion for reconsideration and alternative request for interlocutory appeal of the February 7, 2018 Opinion and Order were denied on April 10, 2018.  (D.E. 33.)

On May 22, 2018, Plaintiffs filed a motion for a protective order.  (D.E. 35.)  Plaintiffs sought a stay of proceedings, including discovery, as well as a determination that Arzadi need not sit for an Examination Under Oath ("EUO") as required under the Policy's cooperation provision.[3] (D.E. 35-1.)  On June 11, 2018, without further briefing or a decision on Plaintiffs' motion, Judge Waldor administratively terminated this action pending disposition of the Allstate suit.  (D.E. 40.)

On December 31, 2019, Evanston moved to reopen this action and compel Plaintiffs' cooperation under the Policy with Evanston's handling of Plaintiffs' defense in the Allstate suit. (D.E. 42.)  Specifically, Evanston requested an order stating that: (1) Plaintiffs must cooperate by

---

[2] There, Allstate alleged that Plaintiffs engaged in a large-scale personal injury kickback scheme and unlawfully recouped personal injury protection benefits thereby defrauding Allstate. (D.E. 23 at 2.)  Because Evanston disclaimed coverage in the Allstate suit, it initially declined to participate in Plaintiffs' defense of that action, prompting the instant lawsuit.  (*See id.* at 2–3.)

[3] The Policy's "Assistance and Cooperation of the Insured" provision provides that "[t]he insured shall cooperate with the Company and upon the Company's request, the Insured shall: (1) submit to examination and interview by a representative of the Company; under oath if required . . . . The Insured shall further cooperate with the Company and do whatever is necessary to secure and effect any right of indemnity, contribution or apportionment which the Insured may have." (D.E. 42-7, Ex. E to Cert. of Christina R. Salem, Esq. ("Evanston Policy") at 11.)

submitting to an EUO and either accept or reject Evanston's July 9, 2018 offer to defend the Allstate suit; and (2) Evanston is not required to provide or reimburse Plaintiffs' defense fees during the period of noncooperation. (D.E. 42-21.) Although the Allstate suit remained pending when Evanston filed its Motion to Reopen/Compel, the case settled prior to Judge Waldor's May 19, 2020 Letter Opinion and Order. (D.E. 55 at 2, n.1.) Judge Waldor ultimately reopened this matter and ordered that (1) Arzadi must submit to an EUO; (2) Plaintiffs must cooperate under the Policy; and (3) Plaintiffs are not entitled to defense costs during the period of noncooperation.[4] (*Id.* at 5.) On June 3, 2020, Plaintiffs appealed Judge Waldor's decision.[5] (D.E. 56.)

## II. STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court

---

[4] Although the period of noncooperation is not defined, Evanston suggests that it is continuing and should cease when Plaintiffs submit to an EUO and provide compliant legal bills for their defense costs. (*See* D.E. 57 at 29.)

[5] Evanston filed an opposition on June 22, 2020, and Plaintiffs filed a reply on June 29, 2020. (D.E. 57, 58.)

conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

## III. DISCUSSION

It is well settled that in order to disclaim coverage for Plaintiffs' alleged failure "to comply with [the Policy's] 'cooperation clause,'" Evanston bears the burden to demonstrate appreciable prejudice. *See, e.g.*, *Haardt v. Farmer's Mut. Fire Ins. Co. of Salem County*, 796 F. Supp. 804, 809 (D.N.J. 1992); *Solvents Recovery Serv. of New England v. Midland Ins. Co.*, 526 A.2d 1112, 1115 (N.J. App. Div. 1987). In evaluating an alleged breach for noncooperation, courts consider the insured's good faith as a precondition to the appreciable prejudice rule. *DeMasi v. Lexington Ins. Co.*, No. A-3206-08T3, 2010 WL 3075674, at *9 (N.J. Super. Ct. App. Div. July 23, 2010). Appreciable prejudice is determined by examining two factors. The first is whether the insurance carrier's "substantial rights have been irretrievably lost'" as a result of the insured's noncooperation. *Travelers Cas. & Sur. Co. v. Becton Dickinson & Co.*, No. 14-4410, 2016 WL 3769747, at *4 (D.N.J. July 12, 2016) (quoting *Sagendord v. Selective Ins. Co. of Am.*, 679 A.2d 709, 715 (N.J. App. Div. 1996)). The second is "the likelihood of the success of the insurer in defending the underlying claims lodged against the insured." *Id.* (citing *Sagendord*, 679 A.2d at 715). "The carrier can best demonstrate what action it would have taken that cannot now be accomplished . . . ." *Solvents*, 526 A.2d at 1115.

Here, Judge Waldor found that Plaintiffs failed to cooperate under the Policy by delaying an EUO and refusing to respond to Evanston's offer of a defense as well as requests for information. (D.E. 55 at 3–4.) Judge Waldor then held that while "Plaintiffs did not act in bad faith," Evanston was appreciably prejudiced because "it was deprived of any testimony under oath" from Arzadi. (*Id.* at 4–5.) On appeal, Plaintiffs argue that: (1) Judge Waldor's finding that

4

Plaintiffs failed to cooperate under the Policy was baseless; (2) Judge Waldor's conclusion that Evanston suffered appreciable prejudiced was clearly erroneous; (3) Evanston's reservation of rights ("ROR") letter was invalid and untimely; and (4) Evanston waived its right to or is estopped from an EUO, which is neither reasonable nor fair under the circumstances.[6] (D.E. 56-2 at 8–21.)

### A. Plaintiffs' Noncooperation

Here, Plaintiffs failed to cooperate under the Policy by refusing to sit for an EUO. However, they did not act in bad faith. The Policy provides that at Evanston's request, "[t]he insured shall cooperate . . . [by] submit[ting] to examination and interview by a representative of [Evanston]; under oath if required." (Evanston Policy at 11.) Plaintiffs never sat for an EUO; nor were they compelled to by court order. Rather, Plaintiffs sought the court's intervention regarding their obligation to sit for an EUO in their motion for a protective order. (D.E. 35.) Because Plaintiffs' motion was never fully briefed or decided before this case was administratively terminated, they did not act in bad faith by maintaining their position on the EUO. (*See* D.E. 40.)

Similarly, this Court finds no reason to disturb the finding that Plaintiffs failed to cooperate by refusing to respond to Evanston's July 9, 2018 defense offer under a ROR and by providing Evanston with incomplete information regarding Plaintiffs' defense in the Allstate suit. Again, Plaintiffs' conduct fell short of bad faith. To be clear, this Court does not endorse dilatory or evasive tactics. When viewed under the totality of circumstances, however, Plaintiffs' communications with Evanston reflect their juxtaposition between settlement discussions in the Allstate suit and their cooperation obligations under the Policy.[7] Thus, it was not clearly erroneous

---

[6] Plaintiffs do not appeal the reopening of this case. (D.E. 56-2 at 1 n.1.)

[7] The Court notes that Evanston appeared to tolerate Plaintiffs' position for over one year after this case was administratively terminated and before filing its Motion to Reopen/Compel. (*Compare* D.E. 41 (June 11, 2018 order administratively terminating this action), *with* D.E. 42 (December 31, 2019 Motion to Reopen/Compel); *see* D.E. 43-1, Ex. A to Cert. of Philip Nettl, Esq. at 5 (stating, on January 23, 2019, that Evanston would not participate in

5

to find that Plaintiffs' failure to cooperate was undertaken without bad faith.

### B. Evanston's Appreciable Prejudice

In reviewing the relevant case law and facts, this Court finds that it was clearly erroneous to conclude that Evanston met its burden of appreciable prejudice because it was deprived of Arzadi's EUO before the Allstate suit settled. Importantly, Evanston does not claim that it irretrievably lost the opportunity to take Arzadi's EUO or that it is now precluded from discovering facts that may weigh against coverage under the Policy. (D.E. 57); *cf. DeMasi v. Lexington Ins. Co.*, No. A-3206-08T3, 2010 WL 3075674, at *10 (N.J. Super. Ct. App. Div. July 23, 2010) (finding prejudice because continued refusal to cooperate with the investigation of plaintiff's financial condition caused defendant to "'irretrievably lose' the ability to discover facts that had the clear potential of revealing fraud"); *see Ania v. Allstate Ins. Co.*, 161 F. Supp. 2d 424, 428 (E.D. Pa. 2001) (dismissing the argument that failure to appear for an EUO is *per se* prejudicial). Nor does the Policy impose temporal constraints on when Evanston may request an EUO. (Evanston Policy at 11.) In fact, Evanston expresses its continued desire to conduct Arzadi's EUO as it relates to indemnification notwithstanding the underlying settlement. (D.E. 57 at 30.)

In addition, Judge Waldor did not find that Evanston was appreciably prejudiced by Plaintiffs' refusal to accept or reject Evanston's offer of defense. Nor does Evanston claim as much. Rather, Evanston maintains that Plaintiffs rejected its defense offering in their brief opposing Evanston's Motion to Reopen/Compel. (D.E. 57 at 28; *see* D.E. 43 at 11 (stating that the defense offering "had been rejected").) Evanston argues that Plaintiffs' ultimate rejection converts Evanston's duty to defend to a duty to reimburse defense costs, only if Evanston is obligated to indemnify Plaintiffs under the Policy. (D.E. 56 at 27–30.) Irrespective of whether

---

settlement discussions until an EUO occurred); D.E. 43-1, Exs. E–G to Cert. of Philip Nettl, Esq. (requesting updates from Plaintiffs' counsel on the Allstate suit and settlement in March, April, and July of 2019).)

Plaintiffs accepted or rejected the defense offer before the Allstate suit settlement, the only issue remaining post settlement pertains to indemnification. (*See id.*); *see also Sur. Mech. Servs., Inc. v. Phoenix Ins. Co.*, No. 12-3242, 2014 WL 2921015, at *3 (D.N.J. June 27, 2014) (citing *Burd v. Sussex Mut. Ins. Co.*, 267 A.2d 7 (N.J.1970)). Thus, there can be no appreciable prejudice to Evanston for its inability to *defend* the Allstate suit before it settled. Any dispute regarding Plaintiffs' alleged failure to provide information, including defense costs, may be addressed when the indemnification issue is decided. Accordingly, because Evanston failed to demonstrate appreciable prejudice, it cannot disclaim coverage for Plaintiffs' noncooperation under the Policy.

### C. Reservation of Rights

Next, in finding that Plaintiffs' noncooperation encompassed their failure to respond to Evanston's offer of a defense, Judge Waldor concluded that Evanston's ROR was proper because the issue of indemnification remained after this Court's February 7, 2018 Order. (D.E. 55 at 4 n.2 (citing *Flomerfelt v. Cardiello*, 997 A.2d 991 (N.J. 2010) and *Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co.*, 21 A.3d 1151 (N.J. 2011))). Now, Plaintiffs contend that the ROR asserted in conjunction with Evanston's defense offer was untimely and that the cases cited by Judge Waldor are inapposite. (D.E. 56-2 at 11–13.)

Because Plaintiffs never argued that Evanston's ROR was untimely before Judge Waldor, this purported basis for invalidating the ROR is not considered on appeal. *See*, *e.g.*, *Callas v. Callas*, No. 14-7486, 2019 WL 449196, at *3 (D.N.J. Feb. 4, 2019) (citing *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211 (D.N.J. 1997)). Plaintiffs' attempt to cast doubt on case law cited in support of Judge Waldor's conclusion also fails. First, the New Jersey Supreme Court in *Flomerfelt* squarely stated that an insurer may choose to proceed under a ROR where a duty to defend exists but the duty to indemnify remains unsolved—the precise

7

circumstances in this matter. 997 A.2d at 1006.  Second, while Plaintiffs assert that the ROR in *Passaic Valley* was issued before a lawsuit for coverage was lodged (D.E. 56-2 at 11), the court found that the insurer acted appropriately in issuing multiple RORs, including two revised RORs sent *after* the declaratory judgment action was instituted. 21 A.3d at 1162–63.  Thus, Judge Waldor's conclusion with respect to Evanston's ROR was neither clearly erroneous nor contrary to law.

### D.  Arzadi's Examination Under Oath

Judge Waldor dismissed the theory that Evanston waived its right to an EUO by initially disclaiming coverage in the Allstate suit. (D.E. 55 at 3.)  Plaintiffs raise the same arguments as to waiver on appeal to avoid Arzadi's EUO. (D.E. 56-2 at 13–18.)  This Court finds no reason to disturb Judge Waldor's conclusion and order.  Plaintiffs remain adamant that the February 7, 2018 Opinion found Evanston in breach of the Policy because it had disclaimed coverage entirely. (*Id.* at 14.)  This Court reached no such conclusion.  The issue before the Court was whether Evanston had a duty to defend, not whether a breach occurred. (D.E. 23; D.E. 55 at 3.)  Importantly, as Judge Waldor noted, Plaintiffs continue to admit that no direct case law exists to support their waiver theory in this context. (D.E. 55 at 3; D.E. 56-2 at 13 ("Plaintiffs are aware of no New Jersey case concerning an insurer waiving its right to an EUO by disclaiming coverage.")).

Finally, Plaintiffs' attempt to evade an EUO on reasonable and fairness grounds similarly fails. (D.E. 56-2 at 18–20.)  Plaintiffs' arguments against an EUO are conditioned on finding that Evanston's initial disclaimer of coverage and subsequent ROR were invalid. (*See id.* at 17–20.)  For the reasons already stated, Evanston's ROR was proper after this Court determined that the Allstate suit triggered a duty to defend and reserved on the issue of indemnification.  It would defy logic to find that Evanston has a duty to defend and properly reserved its rights as to liability yet

preclude an EUO to investigate the underlying claims pursuant to the Policy. *See, e.g.*, *Longobardi v. Chubb Ins. Co. of New Jersey*, 582 A.2d 1257, 1262 (N.J. 1990).

Furthermore, the Allstate suit settlement does not alter Plaintiffs' obligation to cooperate under the Policy. *See Am. Motorists Ins. Co. v. Beaver*, No. 93-1253, 1994 WL 597612, at *7 (E.D. Pa. Nov. 2, 1994) (finding defendants' claim that "a settlement would have relieved them of any further obligation to cooperate in the investigation [by submitting to an EUO]. . . is an unsupported conclusion of law");[8] *see also Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1227 (3d Cir. 1989) (hypothesizing that even if underlying state actions settle, "the indemnity question will still require resolution"). Importantly, the Policy states that "upon [Evanston's] request" Plaintiffs shall cooperate by submitting to an EUO "for the purpose of determining coverage and investigating and/or defending any Claim . . . . " (Evanston Policy at 11.) The Policy does not impose time constraints on when an EUO may be conducted. (*See id.*); s*ee also Am. Motorists*, 1994 WL 597612, at *7 (noting that defendants did not refer to any policy language to support the notion that an agent's settlement "abrogate[d] the company's right to a full investigation of the loss"). In addition, now that the Allstate suit is resolved, Plaintiffs' purported concerns for delaying the EUO are abated. (*See* D.E. 56-2 at 4 (avoiding duplicative litigation costs); D.E. 43 at 9–10 (jeopardizing settlement discussions with more discoverable material).) Accordingly, this Court affirms Judge Waldor's order requiring Arzadi to submit to an EUO.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' appeal of Judge Waldor's May 19, 2020 Letter

---

[8] In *American Motorists*, Plaintiff insured defendants' home which caught fire resulting in the loss at issue. 1994 WL 597612, at *1. The parties disagreed as to whether defendants were obligated to submit to an EUO. *Id.* Thus, plaintiff filed suit seeking a declaration that it would not be liable for defendants' loss because they failed to comply under the policy. *Id.* In arguing that their default should have been set aside, defendants asserted that the underlying claim had settled before plaintiff requested an EUO. *Id.* at *7.

Opinion and Order is **REVERSED in part** and **AFFIRMED in part**.  An appropriate order follows.

   /s/ Susan D. Wigenton\_\_\_\_\_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Cathy L. Waldor, U.S.M.J.
           Parties