**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KARIM ARZADI, *et al.*, | Civil Action No. 17-5470 (SDW) (CLW) |
| Plaintiffs, | |
| v. | **ORDER** |
| EVANSTON INSURANCE COMPANY, | |
| Defendant. | October 26, 2020 |

**WIGENTON,** District Judge.

**THIS MATTER** having come before this Court upon the filing of Defendant Evanston Insurance Company's ("Evanston") Motion for Reconsideration[1] (D.E. 62) of this Court's September 23, 2020 Opinion (D.E. 60, "Opinion") granting-in-part Plaintiffs Karim Arzadi, Joworisak & Associates, LLC, f/k/a Arzadi, Joworisak & Associates, and the Law Offices of Karim Arzadi's Appeal of Magistrate Judge Cathy L. Waldor's May 19, 2020 Letter Opinion and Order (D.E. 56); and

**WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d

---

[1] Evanston's request to file a reply (D.E. 64) to Plaintiff's opposition (D.E. 63) is denied.  Accordingly, the Court disregards Evanston's reply submission (D.E. 64).

627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995 at \*2 (D.N.J. July 30, 2015) (citations omitted).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Evanston's Motion for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision, or an error of fact or law that, if left uncorrected, would result in manifest injustice; and

**WHEREAS** Evanston alternatively requests certification for interlocutory appeal of this Court's September 23, 2020 Opinion and Order pursuant to 28 U.S.C. § 1292; and

**WHEREAS** a district court may certify a non-final decision for interlocutory appeal when (1) it deals with "a controlling question of law;" (2) it raises "substantial ground for difference of opinion as to its correctness;" and (3) it would "materially advance the ultimate termination of the litigation" if appeal were immediately permitted.  *Hankins v. Philadelphia Contributionship Ins. Co.*, No. 15-203, 2020 WL 4199742, at \*3 (D.N.J. July 22, 2020) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); and

**WHEREAS** this case fails to present a controlling question of law, does not raise a substantial ground for difference of opinion, and would not materially advance the ultimate

conclusion of this case;

**IT IS, on this 26th day of October, 2020,**

**ORDERED** that Evanston's Motion for Reconsideration, including its alternative request to certify this matter for interlocutory appeal, is **DENIED**.

**SO ORDERED**.

                                                   /s/ Susan D. Wigenton
                                                **United States District Judge**

Orig:  Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.