UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KARIM ARZADI, et al.,**<br><br>          **Plaintiffs,**<br><br>     v.<br><br>**EVANSTON INSURANCE COMPANY et al.,**<br><br>          **Defendants.** | **Civil Action No. 2:17-cv-5470 (SDW)(CLW)**<br><br>**OPINION** |

## Introduction

This matter comes before the Court on the motion of Plaintiffs Karim Arzadi, Joworisak & Associates, LLC f/k/a Arzadi Joworisak & Associates, and Law Offices of Karim Arzadi ("Plaintiffs") seeking leave to file an amended complaint [D.E. 66]. Defendant Evanston Insurance Company ("Defendant") has filed opposition, and Plaintiffs have filed a reply. D.E. 69, 71. The Honorable Susan D. Wigenton has referred the motion to the undersigned. Upon careful consideration of the parties' submissions, the Court DENIES Plaintiffs' motion.

## Background

Plaintiffs, an individual attorney and two law offices, brought this action in New Jersey Superior Court in June 2017. D.E. 1-1; id. at ¶ 1. The matter was timely removed by Defendant and defendant Markel Corporation, which since has been dismissed from the case without prejudice. See D.E. 1, 11, 13. Defendant is an insurance company which issued to Plaintiffs a lawyers' professional liability policy under which Defendant had a duty to defend Plaintiffs for, inter alia, "wrongful act[s] arising out of Professional Legal Services or Personal Injury committed by the Insured." D.E. 1-1 at ¶¶ 3-6 and Exhibit A thereto. Plaintiffs' claim arises from a lawsuit (the "Allstate suit") which alleges that Plaintiffs committed insurance fraud. Id. at ¶ 7; see D.E. 1-

2 and id. at ¶¶ 52-53. Plaintiffs allege that Defendant has refused to defend or provide coverage for the Allstate suit. D.E. 1-1 at ¶¶ 9-10. They accordingly seek a declaratory judgment as to Defendant's duty to defend Plaintiffs in the Allstate suit and recovery for Defendant's alleged breach of the insurance policy and similar violations arising from Defendants' alleged refusal to defend the Allstate suit. See generally id.

On September 22, 2017, the undersigned issued a pretrial scheduling order (the "Scheduling Order") which, as relevant here, set a January 18, 2018 deadline for amended pleadings. D.E. 12 at ¶ 3. The parties then cross-moved for partial summary judgment, as to which in February 2018 Judge Wigenton held that (i) Defendant has a duty to defend Plaintiffs in the Allstate suit; and (ii) the issue of Defendant's duty to indemnify Plaintiffs in connection with the Allstate suit was premature, given that the Allstate suit was still pending. D.E. 23-24. Judge Wigenton then denied Defendant's motion for reconsideration and for leave to bring an interlocutory appeal. D.E. 33. In June 2018, the undersigned administratively terminated this action pending resolution of the Allstate suit without prejudice to the parties' right to reopen. D.E. 40. At an April 1, 2020 conference, Plaintiffs advised the Court that the Allstate suit had settled. D.E. 55 at 2 n.1. In May 2020, upon Defendant's motion, the Court issued an order reopening the case, which Judge Wigenton affirmed on appeal. D.E. 55, 60, 61.[1]

In November 2020, Plaintiffs brought the instant motion seeking to amend their complaint by adding two new claims relating to Defendant's alleged handling of the Allstate suit: one claiming bad faith and one under the New Jersey Consumer Fraud Act. See D.E. 66-2, Seventh Count; Eighth Count.

---

[1] Defendant's motion and the ensuing appeal also concerned Plaintiffs' alleged failure to cooperate in Defendant's defense of the Allstate suit. While possible that, as Defendant asserts, these matters relate to Plaintiffs' delay in moving to amend, they are not directly relevant to the Court's decision on the instant motion and so will not be discussed in detail.

**Legal Standard**

A critical point of departure is the legal standard applicable to Plaintiffs' motion. Plaintiffs primarily argue that the Court should apply FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court disagrees. As stated in Lasermaster Int'l Inc. v. Neth. Ins. Co., 2018 U.S. Dist. LEXIS 66520 (D.N.J. Apr. 20, 2018), "[i]n situations such as the present, where a party seeks to amend 'after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15.'" Id. at * 7-8 (quoting Karlo v. Pittsburgh Glass Works, LLC, 2011 U.S. Dist. LEXIS 125667, at *9 (W.D. Pa. Oct. 31, 2011) and citing Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005) (discussing the Third Circuit's "approv[al of] the district court's determination that a failure to satisfy Rule 16(b)'s 'good cause' requirement was sufficient to deny a motion to amend filed six months after the deadline for amendments to pleadings")); see Karlo, 2011 U.S. Dist. LEXIS 125667, at *7-9 (collecting cases "within the Third Circuit [that] have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4) — i.e., they must show 'good cause'"). The court therefore applies Rule 16(b)'s "good cause" standard to Plaintiffs' motion.[2]

Under Rule 16(b), "[a] finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." Globespanvirata, Inc. v. Tex. Instruments, Inc., 2005 U.S. Dist. LEXIS 16348, at *9-10 (D.N.J. July 11, 2005) (quoting Rent-A-Center v. Mamaroneck Ave. Corp., 215 F.R.D. 100,

---

[2] Because, as discussed below, Plaintiffs cannot satisfy Rule 16(b), the Court need not conduct a Rule 15(a)(2) analysis.

104 (S.D.N.Y. 2003) and citing FED. R. CIV. P. 16 advisory committee's note ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension.")); cf., e.g., Konopca v. FDS Bank, 2016 U.S. Dist. LEXIS 41002, at *4 (D.N.J. Mar. 29, 2016) ("To show good cause, 'the moving party must demonstrate that a more diligent pursuit of discovery was impossible.'") (quoting Alexiou v. Moshos, 2009 U.S. Dist. LEXIS 81815, at *8 (E.D. Pa. Sept. 9, 2009)). Additionally, "the lack of prejudice to the nonmovant does not show 'good cause.'" Globespanvirata, 2005 U.S. Dist. LEXIS 16348, at *10 (quoting Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995)). Consequently, "[t]he 'good cause' standard is not a low threshold." J.G. v. C.M., 2014 U.S. Dist. LEXIS 56143, at *4 (D.N.J. Apr. 23, 2014).

**Rule 16(b) Good Cause Analysis**

Because Plaintiffs' moving papers do not discuss Rule 16, their only relevant argument appears in their reply, where they argue that this case's litigation history justifies their delay in moving to amend their complaint. More specifically, Plaintiffs concede that the Scheduling Order set a January 2018 deadline for amended pleadings but contend that the deadline should not apply because other dates in that Scheduling Order have not been complied with, largely due to the parties filing summary judgment motions "with the understanding that no discovery would be taken, as it was believed certain legal issues could be decided, or at least narrowed, at an initial stage of this case." D.E. 71 at 2. Plaintiffs similarly assert that guidance as to the summary judgment motions' impact on the Scheduling Order "was not directly forthcoming". Id. at 3. Distilled, Plaintiffs' argument essentially is that Plaintiffs should not be bound by the Scheduling Order's amended pleading deadline because the parties' summary judgment motions rendered the Order's effect unclear.

4

The Court cannot accept Plaintiffs' argument, which, it bears noting, is not supported by any relevant authority. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Indeed, [d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." Baker v. United States Marshal Serv., 2014 U.S. Dist. LEXIS 76662, at *5-6 (D.N.J. June 5, 2014) (quoting Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 104 (D.D.C. 2005)); see, e.g., Globespanvirata, 2005 U.S. Dist. LEXIS 16348, at *10, 15 (quoting Turner v. Schering-Plough Corp., 901 F.2d. 335, 341 n.4 (3d Cir. 1990) that "scheduling orders are the heart of the case management [and cannot] be flouted" and declining, under good cause standard, request to assert new claim because "Defendants had ample time to assert [the new] claim . . . and if the Court were to grant permission to assert an additional claim, it would in effect render the scheduling order meaningless"). To this end, a party's "own assumptions are not a valid basis for disregarding [a scheduling] order." Vangjeli v. Banks, 2020 U.S. Dist. LEXIS 62665, at *4-5 (E.D. Pa. Apr. 3, 2020) (holding that, if party believed portion of scheduling order "was inadvertent or otherwise in error, they could have and should have sought clarification or moved to amend the scheduling order").

The court in Jasper Wood Prods., LLC v. Jordan Scrap Metal, Inc., 2014 U.S. Dist. LEXIS 101649 (S.D. Ala. July 25, 2014), considering a motion to amend the complaint, squarely rejected theories similar to those forwarded by Plaintiffs here:

> Nor does plaintiff strengthen its claims for relief by attempting to shift the blame to defendants for its own noncompliance with Scheduling Order deadlines. . . . [T]hese facts do not favor amendment of the pleadings. Taken at face value, plaintiff's contention is that the parties basically agreed to do nothing from the time of entry of the Rule 16(b) Scheduling Order in October 2013 until the scheduled mediation date of April 1, 2014. By assenting to such an arrangement, [plaintiff] allowed various Scheduling Order

5

>deadlines to expire without conducting any formal discovery. Whatever else may be said about plaintiff's decision, it does not exhibit the sort of diligence required by Rule 16(b)(4). Nor does the fact that the April 1 mediation never happened (apparently because of the unilateral act of one defendant) absolve [plaintiff] of the natural, foreseeable consequences of the risk it assumed in allowing crucial Scheduling Order deadlines to go by the boards while it sat back waiting for mediation.

Id. at *19-21 (citations omitted).

Plaintiffs' argument amounts to an amalgam of the positions rejected in the cases above. It is undisputed that the Court set an amended pleading deadline which Plaintiffs failed to meet. Plaintiffs chose to flout the Scheduling Order rather than to seek clarification or an amendment, and they now challenge the teeth of the relevant deadline based on their unilateral assumptions as to its effect and the fact that other attendant dates were not adhered to. In so doing, Plaintiffs have allowed the date for amended pleadings to pass despite having ample opportunity to timely seek to amend their complaint.[3]

The last point is particularly significant to the question of good cause. Namely, with reasonable diligence, Plaintiffs easily could have moved to amend their complaint before the January 2018 deadline. As to the proposed claim for bad faith, Plaintiffs' moving brief states that

>[Defendants] cannot be heard to claim surprise at [Plaintiffs' proposed seventh] claim. Plaintiffs' original Verified Complaint [dated June 20, 2017] alleges that Evanston engaged in unfair and deceptive claims settlement practices in violation o[f] N.J.S.A. 17:29B-4 and that Defendant also breached the covenant of good faith and fair dealing inherent in every insurance policy. That statute (N.J.S.A. 17:29B-4) and the covenant of good faith and fair dealing

---

[3] Some courts have expressed that "[g]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Young v. United States, 152 F. Supp. 3d 337, 352-53 (D.N.J. 2015) (quoting Fermin v. Toyota Material Handling, U.S.A., Inc., 2012 U.S. Dist. LEXIS 56422, at *7 (D.N.J. Apr. 23, 2012)). For the reasons described, Plaintiffs' cited reasons for their delay fall outside this formulation of the relevant standard.

> . . . provide an analytical underpinning of the New Jersey common law bad faith cause of action against an insurance carrier.

D.E. 66-3 at 9 (citations omitted).  Similarly, Plaintiffs' proposed eighth claim makes clear that "[o]n or about June 30, 2017, Evanston finally advised Plaintiffs that it had investigated and evaluated Plaintiffs' claim and disclaimed any and all coverage under the Evanston Policy for Plaintiffs' claim." D.E. 66-2 at 16.

It therefore is beyond dispute that, no later than June 2017, Plaintiffs possessed sufficient information to bring their proposed seventh and eighth claims. (To be certain, Plaintiffs do not cite any pertinent information gleaned after this time.) Nonetheless, Plaintiffs waited until November 2020 to seek leave to amend. Under these facts, it is clear that the deadline could have been met had Plaintiffs acted diligently, and consequently, that good cause is absent. See, e.g., Dimensional Communs., Inc. v. Oz Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (upholding denial of leave to bring amended counterclaim "because [defendant] was in possession of the facts underlying its proposed counterclaim well before the amendment deadline"); Lasermaster, 2018 U.S. Dist. LEXIS 66520, at *18-19 (denying leave to amend in part because plaintiff "possessed or should have possessed the knowledge necessary to file the motion to amend before the deadline expired"); Stallings v. IBM Corp., 2009 U.S. Dist. LEXIS 81963, at *47-48 (D.N.J. Sep. 8, 2009) (collecting cases demonstrating that "[p]erhaps the most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend"). Plaintiffs therefore have failed to demonstrate good cause for an enlargement of the long-expired deadline to amend their complaint.

**Conclusion**

For the reasons stated herein, Plaintiffs' motion to amend their complaint [D.E. 66] is DENIED. An appropriate order follows.

Dated: February 25, 2021

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.
