NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 29, 2021

Philip Nettl, Esq.
Benedict & Altman, Esqs.
247 Livingston Avenue
New Brunswick, NJ 08901
*Counsel for Plaintiffs*

Christina R. Salem, Esq.
Kennedys CMK LLP
570 Lexington Avenue, 8th Floor
New York, NY 10022
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Arzadi v. Evanston Insurance Company*, No. 17-5470 (SDW) (CLW)

Counsel:

Before this Court is Plaintiffs'[1] Appeal of Magistrate Judge Cathy L. Waldor's ("Judge Waldor") Opinion and Order dated February 25, 2021 (D.E. 74; D.E. 75) denying Plaintiffs' Motion for Leave to Amend the Complaint. For the reasons discussed below, Judge Waldor's Opinion and Order are **AFFIRMED**.

**DISCUSSION**

### A. Background and Procedural History

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant appeal. Defendant Evanston Insurance Company ("Defendant") along with defendant Markel Corporation, who has since been dismissed from the action, removed this matter from New Jersey Superior Court in July 2017. (D.E. 1; D.E. 13.) Plaintiffs filed suit seeking a declaratory judgment stating that Defendant has a duty to defend or indemnify Plaintiffs in an underlying lawsuit filed against Plaintiffs by Allstate of New Jersey ("Allstate Suit") under a Professional Insurance Liability Policy issued by Defendant. (D.E. 23 at 2.) Defendant answered the Complaint on August 3,

---

[1] The Plaintiffs are Karim Arzadi, Joworisak & Associates, LLC, f/k/a Arzadi, Joworisak & Associates, and the Law Offices of Karim Arzadi (together, "Plaintiffs").

2017. (D.E. 4.) Thereafter, pursuant to Judge Waldor's September 22, 2017 pre-trial scheduling order ("Scheduling Order"), any motion to amend the pleadings was due no later than January 18, 2018, approximately six months after the close of fact discovery. (D.E. 12.) Following this Court's Opinion and Order on the parties' cross-motion for partial summary judgment issued in February 2018 (D.E. 23; D.E. 24), this matter was administratively terminated in June 2018 pending resolution of the Allstate Suit in state court. (D.E. 40.) After the Allstate Suit settled and upon Defendant's motion, Judge Waldor issued a Letter Opinion in May 2020 reopening the case, among other directives. (D.E. 42; D.E. 55.) In September 2020, upon Plaintiffs' appeal, this Court affirmed Judge Waldor's Letter Opinion in-part, allowing the matter to proceed. (D.E. 60; D.E. 61.) Defendant's subsequent motion for reconsideration was denied in October 2020. (D.E. 65.)

Plaintiffs filed a motion to amend their pleading on November 25, 2020, seeking to add two claims against Defendant, including proposed Counts Seven and Eight for alleged breach of the duty of good faith and violation of the New Jersey Consumer Fraud Act ("NJCFA"). (D.E. 66; D.E. 66-2.) Judge Waldor denied Plaintiffs' motion to amend on February 25, 2021. (D.E. 74; D.E. 75.) Plaintiffs appealed (D.E. 76), and the appeal was fully briefed on April 12, 2021. (D.E. 81; D.E. 82.)

B.  Standard of Review

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). A district court may reverse a Magistrate Judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). This Court conducts a *de novo* review of legal conclusions. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

C.  Discussion

On appeal, Plaintiffs do not dispute Judge Waldor's determination that their motion to amend is governed by the "good cause" standard pursuant to Rule 16(b)(4) where, as here, Plaintiffs sought leave to amend well after the established deadline in the Scheduling Order. (D.E. 76-1 at 9.) Unlike the liberal standard under Rule 15(a)(2) "and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

"In assessing diligence, courts ask whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Smith v. Honeywell Intern. Inc.*, No. 10-3345, 2014 WL 301031, at *6 (D.N.J. Jan. 27, 2014) (internal quotation omitted). "Good cause" to amend a scheduling order may be found where "the movant learns of the facts supporting [an amendment] after expiration of the relevant filing deadline[.]" *In re: Paulsboro Derailment Cases*, No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015). However, "courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (collecting cases). As the Third Circuit has stated, "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986); accord *First Bank Puerto Rico v. Misite*, 813 F. App'x 758, 764 (3d Cir. 2020) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[.]")).

Judge Waldor's conclusion that Plaintiffs failed to satisfy Rule 16(b)(4)'s good cause standard was neither clearly erroneous nor contrary to law. The operative Scheduling Order was entered on September 22, 2017 and required that any motions to amend the pleading be filed by January 18, 2018. (D.E. 12.) As Judge Waldor explained, Plaintiffs' arguments below reveal that they were aware of the underlying facts in support of their proposed claims "no later than June 2017." (D.E. 74 at 7; *id.* at 6–7 (highlighting Plaintiffs' concession that Defendant could not "claim surprise" to a proposed count for bad faith because the Complaint alleges Defendant breached the covenant of good faith and fair dealing and conducted unfair and deceptive claims settlement practices) (noting that the basis of Plaintiffs' proposed NJCFA claim was Defendant's decision to disclaim insurance coverage, which Plaintiffs admit was known to them on or about June 30, 2017).)

On appeal, Plaintiffs argue that their proposed Count Seven is merely a "housekeeping amendment" intended "to bring greater clarity to the original Complaint." (D.E. 76-1 at 7–8.) As an initial matter, Plaintiffs' failure to raise the same argument below (*see* D.E. 66-3; D.E. 71) renders it inappropriate for consideration on appeal. *See Weiss v. First Unum Life Ins. Co.*, No. 02-4249, 2008 WL 5188857, *3 (D.N.J. Dec.10, 2008) ("[A] party's failure to present arguments to the magistrate judge constitutes a waiver of those arguments on appeal.") (citing *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 209–13 (D.N.J. 1997)). Nonetheless, implicit in Plaintiffs' argument and consistent with Judge Waldor's finding is that the underlying facts in support of a separate claim for bad faith were apparent when the Complaint was filed in June 2017. (*See* D.E. 82 at 4 (admitting that "[u]nlike the Bad Faith claim, Plaintiffs' proposed [NJCFA] claim is indeed new")); *see, e.g.*, *Barry v. Pennsauken Bd. of Educ.*, No. 16-9230, 2018 WL 6332511, at *3 (D.N.J. Nov. 7, 2018) (denying motion to amend where plaintiff failed to assert "that he recently learned of new facts" where he sought "to add a new cause of action based on the same facts found within the initial complaint").

Similarly, Plaintiffs' argument that their proposed NJCFA claim is based "[i]n part" on "Defendant's conduct *subsequent* to this Court's Summary Judgment Order in February of 2018"

is unavailing. (*See* D.E. 76-1 at 10.) Again, the phrase "in part" reveals that Plaintiffs' proposed NJCFA claim is founded on events that occurred *before* February 2018. Furthermore, and paramount here, Plaintiffs fail to explain why their motion to amend was delayed nearly 11 months *after* Defendant moved to reopen the instant matter in December 2019. (*See* D.E. 76-1 at 11 (admitting that "[s]oon after [Defendant] engaged in the[] actions [underpinning the proposed NJCFA claim], the case was administratively terminated [in June 2018]"); *see also* D.E. 82.) Indeed, Plaintiffs could have moved to amend their pleading in conjunction with the various motions filed and adjudicated between December 2019 and October 2020.[2] (*See, e.g.*, D.E. 55; D.E. 60; D.E. 65.) Thus, Plaintiffs' inexplicable delay following resolution of the Allstate Suit is detrimental to their proposed amendment. *See Cap. Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2019 WL 6324006, at *8 (D.N.J. Nov. 26, 2019) (denying leave to amend where plaintiff obtained relevant evidence after the deadline to amend and "sat on the evidence for an inexplicable amount of time"); *Fermin v. Toyota Material Handling, U.S.A., Inc.*, 2012 WL 1393074, at *6 (D.N.J. Apr. 23, 2012) ("While information obtained after a deadline to amend can constitute good cause, that good cause does not extend indefinitely.").

Finally, Plaintiffs could have requested a modification to the Scheduling Order at any point prior to January 18, 2018 given that the underlying basis for adding the proposed counts existed long ago. Because Plaintiffs failed to establish good cause in seeking to add proposed Counts Seven and Eight to the Complaint, Judge Waldor properly denied their motion to amend. *See, e.g.*, *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (finding no abuse of discretion where the district court denied plaintiff's motion to amend, filed six months after the deadline, absent good cause and unexplained delay); *Strategic Prod. & Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-694, 2020 WL 5810561, at *3–4 (D.N.J. Sept. 30, 2020) (affirming denial of plaintiff's motion for leave to amend where the record reflected it "had sufficient knowledge to assert claims . . . before the deadline [to amend] expired"); *Roggio*, 2011 WL 3625042, at *5 (finding no good cause where plaintiffs knew facts "long before" leave to amend was sought).

## CONCLUSION

For the reasons set forth above, Judge Waldor's February 25, 2021 Opinion and Order are **AFFIRMED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Cathy L. Waldor, U.S.M.J.
     Parties

---

[2] Plaintiffs' contention that "they relied primarily upon" the Third Circuit's November 15, 2018 decision in *Alpizar-Fallas v. Favero*, 908 F.3d 910 (3d Cir. 2018) in moving to include an NJCFA claim furthers this point. (*See* D.E. 76-1 at 12). Notwithstanding whether *Alpizar-Fallas* indeed provides any relevant guidance, the decision was rendered not only one year prior to Defendant's motion to reopen this action, but nearly two years before Plaintiffs moved to amend in November 2020.